FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2019 OCT -1 PM 12: 23
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALFRED LEWIS, #041817, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-19-1218 |
| AUDREY LAU, Law Library Coordinator,[1] | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM OPINION

On April 25, 2019, Plaintiff Alfred Lewis, currently held at the Prince George's County Detention Center ("PGCDC"), filed an unverified[2] Complaint pursuant to 42 U.S.C. § 1983, alleging deficiencies in, and a lack of access to, the PGCDC law library, for which he seeks injunctive relief requiring greater access to the library and money damages. ECF 1.[3] Defendant Audrey Lau filed a Motion to Dismiss the Complaint or in the Alternative, Motion for Summary Judgment (ECF 8), opposed by Lewis (ECF 11).[4] Lau then filed a Reply. ECF 11. For reasons set forth herein, Defendant Lau's dispositive motion, construed as a motion for summary

---

[1] The Clerk shall amend the docket to reflect the full spelling of Defendant Lau's name.

[2] Lewis provides no declaration or affidavit in support of his lawsuit.

[3] This memorandum opinion cites to pagination assigned through the Court's electronic docketing system.

[4] Lewis also filed a Motion to Object to Defendant's request for an extension of time and seeks default judgment. ECF 10. Defendant's dispositive Motion, filed in lieu of an answer, was timely, and the brief extension of time granted did not prejudice the outcome of this case. Lewis's Motion to Object is denied.

judgment,[5] is DENIED. The Complaint is DISMISSED without prejudice for failure to state a claim.

### A. The Parties' Assertions and Arguments

Lewis asserts that PGCDC has an "insufficient, poor and inadequate law library" often unavailable to him. As a result, Lewis, who states he is unrepresented in his pending criminal case, alleges that he did not have proper resources to research his criminal case or to request copies of case law and law review articles, forcing him to accept research performed by library staff.[6] ECF 1, pp. 2-4.

Lau asserts an affirmative defense to suit; namely, that Lewis failed to exhaust administrative remedies by filing an internal grievance with the Prince George's County Department of Corrections pursuant to its Inmate Grievance Policy prior to bringing this lawsuit. Lau asserts that because Lewis did not pursue his claim administratively, his civil rights action must be dismissed pursuant to 42 U.S.C. §1997e. ECF 8, pp. 4-6; ECF 8-1 (Excerpt of Inmate Handbook, § 800, Inmate Grievance Procedure; ECF 8-2, Policy and Procedure Manual for grievance process).

In an unverified response, Lewis states that "at multiple times [he has] tr[ied] to use the grievance system. In which staff has inform[ed]me...that they will not provide them & law library

---

[5] Defendant's dispositive motion is treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 because materials outside the original pleadings have been considered. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

[6] Despite Lewis's statement to the contrary (ECF 1, p. 3), he is not proceeding pro se but is represented by counsel. *See Maryland v. Lewis*, Case No. CT-181262-X (Prince Geo's County Cir. Ct.), http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis? (last reviewed September 24, 2019). Pursuant to Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

2

is not a grievable offense...." ECF 11, p. 2. Lewis then states that staff refuse to provide grievance forms and that "pretrial detainees do not have the time to waste on the inadequate grievance process." *Id.*

Defendant counters this statement by providing an affidavit demonstrating that Lewis failed to comply with the known and available grievance procedure available to PGCDC detainees. ECF 12-1, Affidavit of Derrick Garnett.

### B. Standard of Review

This Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In making this determination, this Court "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-23 (4th Cir. 1989).

A motion for summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979);

3

*Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the Court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). Nevertheless, a party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the non-moving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

**C. Analysis**

The Prisoner Litigation Reform Act provides, in pertinent part, 42 U.S.C. § 1997e:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516,

4

532 (2002); *see Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd*, 98 Fed. Appx. 253 (4th Cir. 2004).

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by a defendant. *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).

Nevertheless, a claim that has not been exhausted may not be considered by this Court. *See Bock*, 549 U.S. at 220. In other words, exhaustion is mandatory. *Ross v. Blake*, __ U.S. __, 136 S.Ct. 1850, 1857 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross*, 136 S.Ct. at 1856 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) ("[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion").

The PLRA's exhaustion requirement serves several purposes. These include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Bock*, 549 U.S. at 219; *see Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (exhaustion means providing prison officials with the opportunity to respond to a complaint through proper use of administrative remedies). It is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase v. Peay*, 286 F. Supp. at 530; *see also Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003)

5

(noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review), *cert. denied*, 537 U.S. 949 (2002).

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d at 725, 729; *see Langford v. Couch*, 50 F.Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he PLRA amendment made clear that exhaustion is now mandatory."). But the court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

An inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a). In *Ross v. Blake*, 136 S.Ct. 1850 (2016), the Supreme Court rejected a "freewheeling approach to exhaustion as inconsistent with the PLRA." *Id.* at 1855. In particular, it rejected a "special circumstances" exception to the exhaustion requirement. *Id.* at 1856-57. But it reiterated that "[a] prisoner need not exhaust remedies if they are not 'available.'" *Id.* at 1855. The Fourth Circuit addressed the meaning of "available" remedies in *Moore v. Bennette*, 517 F.3d at 725, stating:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See Aquilar-Avellaveda v. Terrell*, 478 F. 3d 1223, 1225 (10th Cir. 2007); *Kaba v. Stepp*, 458 F. 3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id.* at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

6

The Supreme Court stated in *Ross* that an administrative remedy is available if it is "'capable of use' to obtain 'some relief for the action complained of.'" 136 S. Ct. at 1859 (quoting *Booth*, 532 U.S. at 738). Thus, an inmate must complete the prison's internal appeals process, if possible, before bringing suit. *See Chase*, 286 F. Supp. 2d at 529-30. As a prisoner, plaintiff is subject to the strict requirements of the exhaustion provisions. *See Porter v. Nussle*, 534 U.S. at 528 (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth*, 532 U.S. at 741.

Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). But the *Ross* Court outlined three circumstances when an administrative remedy is unavailable and an inmate's duty to exhaust available remedies "does not come into play." 136 S. Ct. at 1859. These are when the remedy operates as a "simple dead end-with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; the administrative scheme might be so "opaque" as to become "practically speaking, incapable of use"; and prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

Lewis provides no verified statement or record evidence to counter Defendant's version regarding administrative exhaustion. Nonetheless, the Court is reluctant to grant summary judgment for failure to exhaust where an independent basis for dismissal exists. Further, this Court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted or seeks monetary

7

relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). Here, Lewis's Complaint fails to state a claim.

It is well established that prisoners have a constitutional right of access to the courts, *Bounds v. Smith,* 430 U.S. 817 (1977) that have been extended beyond the scope of the "constitutionally and statutorily protected availability of the writ of habeas corpus." *See Johnson v. Avery,* 393 U.S. 483, 489 (1969).[7] Although this right has been extended to provide a right of access to an adequate law library, it is not absolute: if the state provides adequate legal assistance, it need not provide access to a law library, even if the individual is proceeding as a self-represented litigant in a criminal case. *See Almond v. Davis,* 639 F.2d 1086 (4th Cir. 1981); *Carter v. Mandel,* 573 F.2d 172 (4th Cir. 1978) (no right to law library unless case rejected by the program or program is inadequate); *see also Lewis v. Casey,* 518 U.S. 343 (1996).

Lewis couches his claim in the context of the need to assist in his defense and erroneously claims he is not represented by counsel in the pending criminal case. He is, however, represented by counsel and does not express concern about the adequacy of his representation. The state court docket does not contain information suggesting Lewis's representation by counsel may be terminated or that Lewis has moved for self-representation. At best, Lewis expresses a desire to further educate himself as to the legal issues in order to assist court-appointed counsel with his defense. These concerns do not demonstrate a violation of his due process rights or rights under the First Amendment; thus, Lewis is not entitled to the relief he seeks as a matter of law and the Complaint shall be dismissed without prejudice for failure to state a claim.

Accordingly, Defendant's dispositive motion shall be denied, and the Complaint dismissed

---

[7] Courts have cited both the due process clause and the First Amendment as a basis for the right. *Compare Procunier v. Martinez,* 416 U.S. 396, 419 (1974); *Milhouse v. Carlson,* 652 F.2d 371 (3d Cir. 1981).

8

without prejudice by a separate order to follow.

October 1, 2019
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE